Battue, J.
 

 The writ of recordari is used here as it well may be, as a writ of false judgment.
 
 Parker
 
 v.
 
 Gilreath,
 
 6 Ire. Rep. 221;
 
 Kearney
 
 v. Jeffries, 8 Ire. Rep. 96.
 

 Among the errors assigned by the plaintiff, there is one so obviously fatal to the judgment given by the justice, as to render unnecessary the notice of any other. The Act under which the proceedings were had, confers a special jurisdiction upon a justice of the peace and two freeholders, who
 
 are to
 
 view the fences of the person against whom the complaint is made, and in a proper case, to estimate the damage done to the stock of the party injured. See Rev. Stat. ch. 48, ss. 2, S ; Rev. Code ch. 48, ss. 2, 3. This authority being under a proceeding so contrary to the proceedings of the common law, must be strictly pursued, and the report of the justice and
 
 *359
 
 freeholders must be certified under their hands as the foundation of the judgment to be rendered thereon by the justice. This report ought to embrace only the damages for the particular injury complained of, and the judgment should be for such damages alone.
 

 Here, the complaint set forth in the warrant of the justice, was for. abusing and killing “ a certain cattle” and “ one oxen,” whereupon the justice and freeholders ascertained and reported that the plaintiff had been damaged by the defendant, who “ did unreasonably abuse and greatly injure a certain steer, cow and calf, and killed also a valuable steer,” the property of the plaintiff.
 

 The whole amount of the damages is stated to be fifty-six dollars, and the report bears date the 19th November, 1855. Afterwards, on the 30th day of the same month, the justice rendered a judgment for that amount, in which no reference is made to the report, but it is expressed to be for that “ the defendant did make default, as set forth in the plaintiff’s complaint.”
 

 It is manifest in this view of the proceedings, that the justice and freeholders transcended their power in undertaking to assess damages for injuries of which there was no complaint made, and therefore, the judgment given by the justice for the amount of such assessment, while it professes to be for “ the default as set forth in the plaintiff’s complaint,” must be erroneous. Eor this error in the proceedings, without noticing any other, the judgment of the Superior Court reversing the judgment given by the justice is affirmed.
 

 Per Curiam.
 

 J udgment affirmed.